UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff<br>         v.<br><br>OMAR G FIRESTONE, Individually, and Co-Trustee of the Ghiada M. Firestone Living Trust, Beneficial Transferee of the Ghiada M. Firestone Living Trust and the Statutory Executor of the estate of GHIADA M FIRESTONE,<br><br>                    Defendant. | CASE NO. 2:22-cv-01201-TL<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION TO QUASH |

This matter comes before the Court on Defendant Omar Firestone's Motion to Quash United States' Writ of Execution. Dkt. No. 7. Having reviewed the Motion, Plaintiff United States of America's Response (Dkt. No. 13), and all supporting materials, the Court GRANTS in part the Motion and QUASHES the Writ of Execution.

## I. BACKGROUND

In 2019, the Government commenced an action against Firestone seeking to reduce an unpaid estate tax to judgment and foreclose on certain real property. *United States v. Estate of Ghaida Firestone*, No. 3:19-CV-000003 (S.D. Cal. Jan. 2, 2019). This occurred after the Government took several steps to collect the estate taxes due. The Government points out that Firestone had been made aware of the potential estate tax liability as far back as 2012, when the Internal Revenue Service selected the estate of Ghaida M. Firestone for an audit. Dkt. Nos. 13-1; 13-2. In 2014, the IRS issued a statutory notice of deficiency in estate tax, and in April 2015, the Estate stipulated to additional estate tax liabilities. *See Firestone v. Commissioner*, Docket No. 8283-14, Petition (April 14, 2014, T.C.). Firestone failed to pay the tax assessment. On March 4, 2021, the Court in the Southern District of California granted a joint motion and entered judgment against Firestone in the amount of $2,537,554.16 plus statutory accruals and interest. *Id.*, Dkt. No. 44 (Mar. 4, 2021). And on September 4, 2021, this Court registered the foreign judgment. *United States v. Firestone*, MC21-99, Dkt. No. 1 (W.D. Wash. Sept. 4, 2021).

Roughly nine months after registering the foreign judgment, the Government commenced this action as a miscellaneous matter by filing an Ex Parte Application for Writ of Execution. *United States v. Firestone*, MC22-46 (W.D. Wash. June 2, 2022), *converted to* C22-1201 TL. The Court granted the Government's request and approved the Government-prepared Writ of Execution on June 3, 2022, that authorized the seizure of a "fine Italian violincello or cello circa 1816s" ("Cello") in order to collect on a judgment entered against Defendant for unpaid estate tax liabilities. Dkt. No. 3. The Writ references the registration of "a civil judgment entered by the United States District Court for the Southern District of California on September 4, 2022[.]" *Id.* at 1. As Firestone points out, the September 2022 date had yet to occur when the Writ was approved in June 2022. To this end, the Government acknowledges that "the proposed writ of

execution submitted to the court contained a typographical error regarding the date when the civil judgment which was entered against Mr. Firestone [and] was later registered with the Western District of Washington." Dkt. No. 13 at 2, n.1.

On June 7, 2022, the U.S. Marshals Service attempted to execute the Writ on Firestone at the Bellingham Symphony Orchestra. Dkt. No. 14 ¶ 5. Although the Deputy U.S. Marshal who executed the Writ saw Firestone enter the Symphony with what he believes was the Cello, Firestone "handed off his instrument to a friend who drove off with the instrument" before the Marshal could seize it. *Id.* The Deputy U.S. Marshall was unable to confirm that this was the Cello in question, though he believes that it was. *See id.* ¶¶ 5, 8. When questioned, Firestone told the Deputy U.S. Marshal that the Cello is in Tijuana, Mexico. *Id.* ¶ 7.

Firestone seeks to quash the Writ on the theory that: (1) it improperly identifies a judgment dated in the future; (2) he does not own the Cello; and (3) the claim is barred by the statute of limitations set forth in 28 U.S.C. § 3306. In support of his Motion, Firestone avers that he does not own the Cello because it was placed into an irrevocable trust that was "created [in 2013] in order to Compensate [sic] the instrument broker in lieu of his lost commission." Dkt. No. 8 ¶ 2.

## II.   ANALYSIS

Under 28 U.S.C. § 3203(c)(2)(A), a writ of execution "shall specify the date that the judgment is entered, the court in which it is entered" and other information concerning the amount due and interest. Here, the Writ failed to comply with § 3203 because it identified a judgment that could not have existed at the time the Writ was approved in June 2022. Specifically, the Writ stated that it was issued in aid of "a civil judgment entered by the United States District Court for the Southern District of California on September 4, 2022." Dkt. No. 3. The Writ was therefore unenforceable because it failed to comply with § 3203(c)(2)(A)'s

requirement that it specify the date an enforceable judgment was entered. On this basis the Court QUASHES the Writ and GRANTS, in part, Firestone's Motion. The Court's Order does not prevent the Government from requesting issuance of a corrected Writ. If the Government so chooses, Firestone may then move to quash and present those arguments that remain unresolved by this Order.

### III. CONCLUSION

The Court GRANTS the Motion and QUASHES the Writ which did not comply with 28 U.S.C. § 3203(c)(2)(A). The Court's Order is without prejudice.

Dated this 28th day of March 2023.

Tana Lin
United States District Judge